UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

---

MATTHEW ACKERMAN, ON BEHALF OF HIMSELF
AND ALL THOSE SIMILARLY SITUATED          Case No.:

         Plaintiff,

           v.                                                  CIVIL COMPLAINT

GC SERVICES LIMITED PARTNERSHIP                      AND

         Defendant.                        JURY TRIAL DEMAND

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Matthew Ackerman (hereinafter "Plaintiff"), brings this Complaint by and through his undersigned counsel against Defendant GC Services Limited Partnership (hereinafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") by Defendant.

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (2) because the acts and transactions occurred in this jurisdiction and because Defendant transacts business in this jurisdiction.

## PARTIES

4. Plaintiff is a natural person who resides in Flagstaff, Arizona and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant is a debt collection agency that regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another in this state and judicial district with its principal place of business located at 6330 Gulfton Street, Suite 303, Houston, Texas 77081.

6. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 6 herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, on a date better known to Defendant, Synchrony Bank assigned a consumer debt to Defendant for collection ("Alleged Debt").

9. The Alleged Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

10. On or about December 20, 2015, Defendant sent a collection letter to Plaintiff in an attempt to collect the Alleged Debt ("Collection Letter"). The Collection Letter is attached hereto and made a part hereof for all purposes as Exhibit "A".

11. The Collection Letter is the initial communication from Defendant to Plaintiff regarding the debt.

12. The Collection Letter informs Plaintiff that Defendant has received Plaintiff's account from the original creditor and provides the account number and alleged amount due.

13. The Collection Letter provides in pertinent part that:

> If you dispute this balance or the validity if this debt, please contact us. If you do not dispute this debt within 30 days after you receive this letter, we will assume this debt is valid. However, if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you. Or, if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.

14. Defendant's collection letter fails to advise that in order for the debt collector to be required to provide verification of the debt in order to continue collection efforts pursuant to 15 U.S.C. § 1692g, the request must be made in writing within the thirty-day period.

15. Defendant's collection letter fails to advise that in order for Defendant to be required to provide the consumer with the name and address of the original creditor, if different from the current creditor, in order to continue collection efforts pursuant to 15 U.S.C. § 1692g, the request must be made in writing within the thirty-day period.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), on behalf of himself and all

persons/consumers, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint ("Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant, which violate various provisions of the FDCPA.

17.     This Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

18.     The Class is so numerous that joinder of all members is impracticable. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant that violate various provisions of the FDCPA.

19.     The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

20.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been

injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

21. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

22. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. §1692k.

23. The members of the Class have claims that are unlikely to be vindicated in the absence of a class action.

24. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

25. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

26. Plaintiff will fairly and adequately represent the Class members' interests in that Plaintiff's attorney of record will associate with an experienced class action firm and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

27. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g(a)(4)

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 27 herein with the same force and effect as if the same were set forth at length herein.

29. Defendant's Collection Letter failed to advise that the debt collector is only obligated to obtain verification of the debt or a copy of the judgment if the consumer notifies the debt collector of the dispute request in writing.

30. Defendant's Collection Letter is in violation of 15 U.S.C. §1692g(a)(4) which requires that a collection letter contain a statement that upon written notification from the consumer within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

**COUNT II**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g(a)(5)**

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 30 herein with the same force and effect as if the same were set forth at length herein.

32. Defendant's Collection Letter failed to advise that the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, only upon the consumer's written request.

33. Defendant's Collection Letter is in violation of 15 U.S.C. §1692g(a)(5) which requires a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**COUNT III**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e(10)**

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 33 herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's Collection Letter failed to make the required disclosures pursuant to 15 U.S.C. §1692g.

36. Defendant's Collection Letter used false representations and deceptive means to attempt to collect a debt by failing to inform the consumer that the verification

requirements contained in 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(a)(5) are only triggered by the consumer's written request.

37. Defendant's Collection Letter is in violation of 15 U.S.C. §1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Matthew Ackerman demands judgment from the Defendant GC Services Limited Partnership as follows:

    A.    Certification of the class pursuant to Rule 23(b)(3);

    B.    Statutory damages for the Plaintiff pursuant to 15 U.S.C. §1692k;

    C.    Statutory damages for the class pursuant to 15 U.S.C. § 1692k;

    D.    For attorneys' fees, costs and disbursements;

    E.    For an award of pre-judgment interest on all sums awarded and/or collected;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Matthew Ackerman, hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which he is or may be entitled to at a jury trial.

Dated:  August 17, 2016

                Respectfully submitted,


                By:  s/ John Prather
                John Prather Esq.
                5684 N. 83rd Street
                Scottsdale, AZ 85250
                Telephone: (480)296-1507
                Email: johnlprather@hushmail.com
                Attorney for Plaintiff

                Of Counsel to the Firm:
                Law Offices of Michael Lupolover, P.C.
                120 Sylvan Avenue, Suite 300
                Englewood Cliffs, NJ 07632
                Phone:     201-461-0059
                Facsimile: 201-608-7116